IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:04-CR-102 |
| V. | ) | (JARVIS/GUYTON) |
| | ) | |
| JOSE RUIZ ALEJANDRO LOPEZ, | ) | |
| a/k/a ALEXANDRO RUIZ LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

The defendant's attorney, Ursula Bailey ("Bailey") has submitted to the Court a compensation claim in excess of the statutory case compensation maximum. Bailey was appointed [Docs. 9, 37] pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Jose Ruiz Alejandro Lopez ("Lopez"), one of three defendants in a criminal complaint and later in a five count Indictment, charging, inter alia, conspiracy to engage in drug trafficking. [Docs. 1, 11]. Bailey has requested a waiver of the case compensation maximum limit of $7,000 per felony case for each defendant. Bailey seeks $8,971.32 for her representation of Lopez.

Bailey asserts that Lopez speaks little English, making the representation, with the use of an interpreter, more difficult and time consuming. Bailey says that Lopez cooperated with the government, necessitating a number of meetings over several months. Lopez was the "author" in the conspiracy, and the facts of the case were complex. There were hundreds of pages of documents produced by the government in discovery. Bailey asserts that the case also was extended, due to immigration law issues and interstate law issues. Lopez entered a guilty plea on December 15, 2004, and he was sentenced on March 29, 2005.

Payment in excess of the $7,000 limit may be allowed if the court certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3). The following regulation is pertinent to the question of whether or not the $7,000 maximum on compensation should be waived:

> Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended or complex representation when so certified by the court or magistrate and approved by the chief judge of the circuit (or by an active circuit judge to whom excess compensation approval authority has been delegated).
>
> In determining if an excess payment is warranted, the court or magistrate and the chief judge of the circuit (or an active circuit judge to whom excess compensation approval authority has been delegated) should make a threshold determination as to whether the case is either extended or complex. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case is "complex." If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."
>
> After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard: responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.

*Appointment of Counsel in Criminal Cases*, Volume VII, *Guide to Judiciary Policies and Procedure*, Chapter II, Part C, § 2.22(b)(3) (hereinafter *Guide to Judiciary Policies and Procedures*). Case compensation limits apply only to attorney fees. There is no limit on the presiding judge's authority to reimburse <u>expenses</u> of counsel except as to compensation for

investigators and other experts. 18 U.S.C. § 3006A(e); *Guide to Judiciary Policies and Procedures*, Ch. II, § 2.22B(1)(i).

The Court finds that this case is "extended" because the case involved extensive discovery, meetings with the government and work regarding legal issues and complex facts. Based on the entire record, and counsel's submissions in support of her fee request, the Court finds that the case is "extended," as it has required more time for total processing than usual for the average case.

For the reasons indicated, it is **RECOMMENDED** that the district judge sign and forward the attached Order Adopting Report and Recommendation to the Chief Judge of the Circuit or his designee. This procedure is approved in Chapter II and Appendix E to the *Guide to Judiciary Policies and Procedures*.

If the Chief Judge or his designee approves the request, the regulations provide that the court should then take the following steps:

> (1) The Order of the District Judge concerning excess and interim payments should be filed with the clerk; and
>
> (2) A copy of that document should be sent to the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

Appendix E, *Guide to Judiciary Policies and Procedures*.

For the reasons indicated, it is **RECOMMENDED** that the request by Ursula Bailey for compensation in excess of the statutory case compensation maximum be **GRANTED** pursuant to the procedures in the *Guide to Judiciary Policies and Procedures* and as set out above.[1]

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).